United States District Court
Southern District of Texas
**ENTERED**
April 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MALQUWAN HOSKINS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-518 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed this petition pursuant to 28 U.S.C. § 2254, challenging a disciplinary conviction at his current place of confinement, the McConnell Unit. Petitioner requests appointment of counsel (D.E. 14).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered on February 15, 2017 (D.E. 10), and a responsive pleading is due no later than May 10, 2017 (D.E. 12), and at this point there are no issues which mandate an evidentiary hearing.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th

Cir. 1995). Accordingly, petitioner's motion for appointment of counsel (D.E. 14) is denied without prejudice.

ORDERED this 17th day of April, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE